NOTE: This disposition is nonprecedential.

# United States Court of Appeals

# for the Federal Circuit

---

**WALTER J. BERIONT,**

*Plaintiff-Appellant*

**v.**

**GTE LABORATORIES, INC., GTE SERVICE
CORPORATION, GTE COMMUNICATIONS
CORPORATION, ALFRED H. BELLOWS,**

*Defendants-Appellees*

---

2014-1424

---

Appeal from the United States District Court for the
District of Massachusetts in No. 1:00-cv-11145-RGS,
Judge Richard G. Stearns.

---

Decided: February 4, 2015

---

WALTER J. BERIONT, Maynard, MA, pro se.

MICHAEL E. JOFFRE, Kellogg, Huber, Hansen, Todd,
Evans & Figel, PLLC, Washington, DC, for defendants-
appellees. Also represented by IGOR HELMAN, MELANIE L.
BOSTWICK.

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Walter J. Beriont ("Beriont") appeals from the decision of the United States District Court for the District of Massachusetts granting summary judgment that GTE Laboratories, Inc., GTE Service Corporation, and GTE Communications Corporation (collectively, "GTE") have at all times been a joint owner of U.S. Patent 5,920,802 (the "'802 patent"). *See Beriont v. GTE Labs., Inc.*, No. 00-11145-RGS, 2014 WL 585651 (D. Mass. Feb. 14, 2014). Because Beriont failed to prove misjoinder of the '802 patent by clear and convincing evidence, we affirm.

BACKGROUND

Beriont began working at GTE as an engineer in 1983. In 1996, Beriont conceived an invention relating to improved low frequency power distribution within a cable television network. Beriont disclosed this invention to Alfred Bellows ("Bellows"), a co-worker at GTE, who "constructed, evaluated, and tested" the invention. J.A. 71. Beriont and Bellows together disclosed the invention to GTE in August 1996.

That same year, Beriont filed an unrelated defamation action in Massachusetts state court against a co-worker and GTE. GTE later terminated Beriont's employment, and Beriont added a wrongful termination claim to that action.

In June 1998, Beriont and Bellows jointly filed a patent application through GTE's patent counsel. Beriont and Bellows both signed a Declaration and Power of Attorney for Patent Application that was submitted to the U.S. Patent and Trademark Office by GTE. J.A. 131. Beriont declared that he was the "Second Joint Inventor" of the invention described in the application and that he appointed GTE attorneys to prosecute the application on his behalf. *Id.* Beriont refused to execute a formal assignment agreement. That application issued as the '802

patent, and is assigned on its face to GTE and lists Beriont and Bellows as co-inventors. *See* '802 patent, [73], [75]. In November of 1998, while the '802 application was pending, GTE filed a declaratory judgment action in Massachusetts state court seeking a declaration that GTE was the lawful owner of the patent, as well as specific performance ordering Beriont to assign any remaining interest in the patent to GTE.

Then in 2000, while the state court litigation was pending, Beriont filed the instant federal action in the District Court for the District of Massachusetts, seeking: (1) a declaratory judgment that he was the sole inventor of the '802 patent; (2) the removal of Bellows as a co-inventor and GTE as assignee; (3) a judgment that GTE breached a fiduciary duty owed to Beriont; and (4) a judgment of patent infringement against GTE. *Beriont v. GTE Labs., Inc.*, No. 1:00-cv-11145-RGS, 2012 WL 2449907, at *1 (D. Mass. June 27, 2012). The district court stayed the case pending the resolution of the state court suits. *Id.* at *2.

The two Massachusetts state court actions were consolidated, and Beriont and GTE reached a settlement agreement on June 13, 2005. The settlement required that: (1) GTE would pay Beriont $50,000; (2) GTE and Beriont would "agree that they shall be joint owners of the patent" in dispute; (3) the parties would "give each other mutual releases"; and (4) GTE would provide Beriont with a signed statement that his loss of employment did not call into question his "integrity, competence, or industry." J.A. 135–37. Based on the settlement, the trial court entered a dismissal *nisi* in both actions, but when the parties failed to submit a formal settlement agreement, the state court judge dismissed both actions for failure to comply with the *nisi* order. J.A. 165.

In 2011, after resolution of the state court suits, the district court lifted the stay, and GTE moved for summary

judgment on Beriont's claims. *Beriont*, 2012 WL 2449907, at *2. The court concluded that the '802 patent was jointly owned by GTE (and its successor in interest, Verizon Laboratories) and Beriont; that the parties would comply with the agreed-upon terms of the settlement; and that the joint ownership of the '802 patent absolved both parties of liability for any infringement after the date of the settlement. *Id.* at *3. The court also concluded that prior to the settlement date of June 13, 2005, GTE had at least "shop-rights" to use the '802 patent and was therefore not liable for any infringement thereof. *Id.*

Beriont appealed to this court, and we affirmed the district court's determination that GTE was not liable for infringement after June 13, 2005. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 927 (Fed. Cir. 2013). We vacated the judgment of noninfringement for the period preceding June 13, 2005, and remanded the case to the district court to address the "shop rights" doctrine and GTE's pre-2005 activities that fell outside the scope of "shop rights." *Id.* We also vacated the court's ruling with regard to Beriont's claim of inventorship because we concluded that the district court failed to make explicit findings with respect to the inventorship claim. *Id.*

On remand, the district court granted summary judgment in favor of GTE, concluding that Beriont could not prevail on his claim of sole inventorship because "[a]ll evidence, even Beriont's own testimony, establishes the contrary." *Beriont*, 2014 WL 585651, at *3. The court thus held that there was no infringement by GTE prior to June 13, 2015 because its employee Bellows was a rightful co-inventor of the patent and it was undisputed that he had assigned his own interest to GTE before the '802 patent issued. *Id.* at *4–5.

Beriont again appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

We apply regional circuit law, here the law of the First Circuit, when reviewing a district court's grant of a motion for summary judgment. *Teva Pharm. Indus. Ltd. v. AstraZeneca Pharm. LP*, 661 F.3d 1378, 1381 (Fed. Cir. 2001). The First Circuit "afford[s] de novo review to the district court's grant of summary judgment." *Johnson v. Gordon*, 409 F.3d 12, 16 (1st Cir. 2005). Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Inventorship is a question of law, which we review without deference. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). We review the district court's underlying findings of fact for clear error. *Id.* Because the issuance of a patent creates a presumption that the named inventors are the true and only inventors, *id.*, the burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence, *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) (citing *Garrett Corp. v. United States*, 422 F.2d 874, 880 (Ct. Cl. 1970)). The moving party "must also show that the persons to be removed did not contribute to the invention of any of the allowed claims." *Univ. of Pittsburgh v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009).

Beriont argues that the district court erred in granting summary judgment because witness credibility was central to the court's determination and summary judgment is not the appropriate avenue for weighing credibility. Beriont also argues that Bellows could not have been an inventor because he did not have the knowledge or understanding to contribute to the conception of the invention of the '802 patent. GTE responds that the court

properly granted summary judgment because Beriont offered no credible evidence that he is the sole inventor of the '802 patent. Specifically, GTE argues that the only evidence offered by Beriont is the testimony of Beriont himself, and this alone is insufficient as a matter of law. According to GTE, all other evidence confirms Bellows's status as a legitimate joint inventor.

We agree with GTE that the district court properly granted summary judgment because Beriont failed to prove misjoinder by clear and convincing evidence. The '802 patent lists both Bellows and Beriont as inventors, and the inventors named on an issued patent are presumed to be correct. *Ethicon*, 135 F.3d at 1460. Beriont was thus required to prove misjoinder by clear and convincing evidence, and he failed to present evidence sufficient to raise a material issue of fact.

The only evidence that Beriont has offered to support his sole inventorship claim is his personal testimony that he disclosed the invention to Bellows and that Bellows constructed and tested the disclosed invention. However, Beriont's own testimony is insufficient, as we have generally required that an inventor's testimony regarding conception of an invention be corroborated. *Univ. of Pittsburgh*, 573 F.3d at 1298. We have no way in this case to corroborate Beriont's account of the events that led to the '802 patent, and, as a result, it is not possible to make "a sound determination of the credibility of the inventor's story." *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993). The court thus did not err in concluding that Beriont failed to raise a material issue of fact. We have considered Beriont's remaining arguments and conclude that they are without merit.

CONCLUSION

Because it is undisputed that Bellows properly assigned his rights in the '802 patent to GTE in 1998, GTE has been a co-owner of the patent since that time and

cannot be liable for infringement. *See* 35 U.S.C. § 262 ("[E]ach of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.") The district court's grant of summary judgment to GTE is therefore affirmed.

**AFFIRMED**